**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **EZEKIEL BARRERA,** | § | |
| **(TDCJ # 00720720)** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION No. 4:23-CV-04490** |
| | § | |
| **RANDY JEWITT, ET AL.** | § | |
| *Defendants.* | § | |

---

### DEFENDANT JEWITT'S ORIGINAL ANSWER AND JURY DEMAND

---

Defendant Randy Jewitt respectfully submits this Original Answer to Plaintiff Ezekiel Barrera's Complaint (ECF No. 1) and More Definite Statement (ECF No. 10).

### **ANSWER**

1. Pursuant to Federal Rule of Civil Procedure 8(b), and for the express purpose of requiring Plaintiff to meet his burden of proof, Defendant hereby denies each and every allegation contained in Plaintiff's Amended Complaint except those expressly admitted herein.

2. Defendant admits Plaintiff is, and at all relevant times, an inmate in the custody of TDCJ.

3. Defendant admits Plaintiff was housed at the Goree Unit in Huntsville, Texas, at all times relevant to the allegations against Defendant in Plaintiff's Amended Complaint.

4. Defendant admits he was employed by TDCJ at all times relevant to the allegations against him in the Plaintiff's Amended Complaint.

5. Defendant admits that on July 7th, 2023, Defendant did strike Plaintiff with a closed fist after Plaintiff assaulted him.

6. Defendant denies he headbutted Plaintiff.

7. Defendant denies he yelled or screamed at Plaintiff.

8. Defendant denies that he cuffed Plaintiff or twisted his arm.

9. Defendant denies he hit Plaintiff while he was on the ground.

10. Defendant denies ever striking plaintiff with anything other than his closed fist.

11. Defendant denies that he used excessive force against Plaintiff.

12. Defendant asserts he did not act maliciously or sadistically toward Plaintiff at any time.

13. Defendant contends the Plaintiff has failed to state a claim for which relief can be granted under 42 U.S.C. § 1983 or under any other statute, constitutional theory, or legal theory.

14. Defendant admits that causes of action may be stated under certain circumstances pursuant to 42 U.S.C. § 1983, but he denies that such circumstances are present in this case.

15. Defendant denies that his actions violated Plaintiff's constitutional rights or constituted cruel and unusual punishment under the Eighth Amendment.

16. Defendant denies that Plaintiff is entitled to compensatory or punitive damages, injunctive relief, declaratory relief, court costs, or any other relief demanded in the Plaintiff's Complaint.

## IMMUNITIES AND AFFIRMATIVE DEFENSES

17. Defendant asserts a statute of limitations defense to any claims filed beyond the applicable statute of limitations.

18. Defendant denies that Plaintiff was deprived of any right, privilege, or immunity granted or secured by the Constitution or laws of the United States or the state of Texas.

19. Defendant denies that Plaintiff is entitled to any relief whatsoever, whether under state or federal law, including without limitation compensatory damages, punitive damages, injunctive relief, declaratory relief, attorney's fees, expert fees, costs or any other type of relief.

20. Defendant asserts that government officials acting in their official capacities are not "persons"

within the meaning of 42 U.S.C. § 1983 and generally are not proper parties to a cause of action under said statute.

21. Defendant asserts that, at all times relevant to the allegations against them, he acted in good faith with a reasonable belief that their acts were in compliance with the laws and Constitution of the United States; and he asserts his entitlement to qualified immunity.

22. Defendant asserts his entitlement to qualified immunity against 42 U.S.C. § 1983 causes of action and any other federal claim asserted against him in his individual capacity.

23. Defendant asserts Eleventh Amendment immunity to any federal claim against him in his official capacity.

24. Defendant asserts that Plaintiff may have failed to properly exhaust his administrative remedies prior to suit, as required by the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(a).

25. Defendant asserts that Plaintiff may have failed to satisfy the injury requirement of the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(e).

26. Defendant asserts that some or all of Plaintiff's claims may be barred by *res judicata*, claim preclusion, issue preclusion, and/or the doctrine of laches.

27. Defendant asserts his right to raise additional defenses as they become apparent during the factual development of this case.

## JURY DEMAND

Should trial be necessary in this suit, Defendant respectfully requests a trial by jury.

## CONCLUSION

Defendant prays that Plaintiff take nothing, and the Defendant be awarded his costs and any other relief which he may be entitled.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**SHANNA MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Jordan Grundhoefer*_____
**JORDAN GRUNDHOEFER**
Assistant Attorney General
Attorney-in Charge
Texas State Bar No. 24132713

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Jordan.Grundhoefer@oag.texas.gov
(512) 463-2080 (512) 370-9814

## <u>CERTIFICATE OF SERVICE</u>

I, JORDAN GRUNDHOEFER, Assistant Attorney General of Texas, certify that a true

copy of the above has been served by placing it in the United States mail, certified mail on July 1,

2024, addressed to:


Ezekiel Barrera, TDCJ # 00720720        *CM/RRR: 9589 0710 5270 0138 1498 14*
TDCJ Goree Unit
7405 Hwy. 75 South
Huntsville, TX 77344
*Plaintiff Pro Se*

*/s/ Jordan Grundhoefer_____*
**JORDAN GRUNDHOEFER**
Assistant Attorney General